GEORGE *vs.* FITZGERALD.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, FOR THE PARISH OF RAPIDES, THE JUDGE OF THE DISTRICT PRESIDING.

Curators *ad hoc* may be appointed in particular cases, for the benefit of persons having suits to institute against absentees, who cannot otherwise arrest or attach the property of such absentees, or make service of citation either personally or at their domicil.

In the case of Guillet *vs.* Erwin, (7 *Louisiana Reports*, 580) if it had been urged, that prescription would have been interrupted, by the appointment of a curator *ad hoc* to the defendant, the plea of prescription might probably have been supported.

So, where a defendant resides in another state, and never had any agent, or domicil here, and has no property or interest in this state, he may, nevertheless, *be sued here*, in a personal or redhibitory action, by the appointment of a curator *ad hoc* to defend him.

This is a redhibitory action. The plaintiff alleges, that in April 1835, at New Orleans, he purchased from one William H. Fitzgerald, of Pittsylvania county, Virginia, a number of slaves, amongst them Daniel, for eight hundred and fifty dollars, Winney for six hundred and fifty dollars, and Billy for eight hundred and seventy-five dollars, making in all two thousand three hundred and seventy-five dollars, which said slaves were warranted and guaranteed against all redhibitory vices and defects by the defendant. That Daniel was afflicted with diarrhœa or an incurable disease, of which he died; Winney had the same disease of which she died; and that Bill was afflicted with a scrofulous and other incurable diseases, which has occasioned him to linger and become wholly useless; and that he would not have purchased said slaves, had he known or been informed of their diseases, all of which the defendant knew and concealed from him.

He further shows that he has suffered damage in consequence of said fraud, amounting to fifteen hundred dollars, and sustained a loss of fifteen hundred dollars, in the cost of maintaining and supporting said slaves, and furnishing them medical aid, which, added to their price, amounts to five thousand three hundred and seventy-five dollars. That the said

Fitzgerald lives out of the state, and absented himself immediately after the said sale, and has no known agent or attorney in fact within this state, upon whom demand could be made or process served. He prays that a curator *ad hoc* be appointed to represent the defendant, and that he have judgment rescinding the sale of said slaves, and for the return of their price and the damage he has sustained.

The curator *ad hoc* appointed to defend, put in an exception denying the jurisdiction of the court in such a case as this, and praying that the suit be dismissed.

Upon this exception to the jurisdiction, the cause was dismissed.

The plaintiff appealed.

*Dunbar*, for the plaintiff, relied on the Louisiana Code, article 57, Code of Practice, article 116, and the case of Zacharie *vs.* Blandin, 4 Louisiana Reports 154, in support of this case.

*Hyams, contra*, insisted that the court had no jurisdiction of a person residing in another state, who never resided or had a domicil or agent here, and who was without any interest or property in the state, and has never been here at or since the inception of this suit.—3 *Martin, N. S.* 321.

2. The article 57, of the Louisiana Code, gives no jurisdiction in a case like this; it must be taken in connexion with all the other articles preceding and succeeding it, and they all point to property or a domicil left by the absentee. Article 414 explains article 57.

3. This court has decided that defendants (absentees like Fitzgerald) could not plead prescription, because by their absence the plaintiff could not bring suit. *Contra non Valentem agere non currit prescriptio.* Now if, as is pretended here, the plaintiff could have brought suit by the appointment of a curator *ad hoc*, then the court should have decided the plea of prescription to be good. See cases of *Morgan* vs. *Robinson*, 12 *Martin*, 76. *Guillet* vs. *Erwin*, 7 *Louisiana Reports*, 580.

*Martin, J.*, delivered the opinion of the court.

This is a redhibitory action against the defendant, who resides in the state of Virginia, upon a sale made by him of several slaves, to the plaintiff, in this state. A curator *ad hoc* was appointed to the defendant, under the fifty-seventh article of the Louisiana Code, which provides for such an appointment, when the defendant resides out of the state, and has no agent or attorney therein; and also in pursuance of the 116th article of the Code of Practice, which contains a similar provision.

The curator *ad hoc* filed a plea to the jurisdiction of the court, which was sustained; the suit dismissed, and the plaintiff appealed.

It has been contended on the part of the appellee, that a curator *ad hoc* was improperly appointed, because the defendant had neither property or an agent in the state. That the article 57, of the Louisiana Code, must be taken in connexion with those which precede and succeed it, and they all relate to property left by an absentee. He also relied on article 414, to explain this article. He further contended that the suit against a person who resides out of the state and has no property in it, would seldom be available, as it would not be respected out of the state, and appeared unnecessary in this, for the purpose of interrupting prescription. He cites the cases of Morgan *vs.* Robinson, 12 *Martin*, 76, and Guillet *vs.* Erwin, 7 *Louisiana Reports*, 580.

The District Court, in our opinion, erred. The first chapter of the Louisiana Code, which treats of the curatorship of *absentees*, provides curators for the benefit of those persons, in order that their estates might be administered and their interests protected. The article fifty-seven of that chapter, afterwards provides curators to them, in particular cases, for the benefit of those persons who may have suits to institute against absentees, and are unable to commence them, because the absentee cannot be arrested, nor his property attached, or citation served, either personally or left at his domicil. The case of Morgan *vs.* Robinson, in which the court held that the plea of prescription could not avail

Curators *ad hoc* may be appointed in particular cases, for the benefit of persons having suits to institute against absentees who cannot otherwise arrest or attach the property of such absentees or make service of citation either personally or at their domicil.

the defendant, because by withdrawing from the state, without leaving property in it, he had prevented the plaintiff from instituting his suit, was determined before the promulgation of either the Louisiana Code, or Code of Practice. At that time the appointment of a curator *ad hoc* to an absentee was not authorized by law. The plaintiff had been guilty of no laches, and instituted his suit as soon as he could after the return of the defendant to the state. In the case of Guillet *vs.* Erwin, it was not urged that the plaintiff might have interrupted the prescription by a suit, and the appointment of a curator *ad hoc*, under the 57th article of the code. The court did not notice this circumstance, which probably would have induced it to support the plea. But, admitting the appointment of a curator *ad hoc*, and service of citation on him, are not needed for the interruption of prescription, they may be of great utility to a party, who, by delaying his suit, may be in danger of losing the evidence which enables him to support it, by the death of the party or his witnesses.

In the case of Guillet *vs.* Erwin, (7 Louisiana Reports, 580,) if it had been urged that prescription would have been interrupted by the appointment of a curator *ad hoc* to the defendant, the plea of prescription might probably have been supported.

Many arguments have been used to show the inutility of proceedings against an absentee in this manner, and the danger which may result from it. They no doubt were offered and considered by the legislature, and did not prevent the adoption of the provision contained in the article under consideration, and cannot authorize the court to disregard it.

In the case of Zacharie *vs.* Blandin, 4 *Louisiana Reports*, 154, we held that a curator *ad hoc* was properly appointed to represent the defendant, who resided in Tampico, and who had no agent within the state, and to whose estate no curator had been appointed. The article 57, already cited, authorizes the appointment of a curator *ad hoc*, perhaps, even in the case of an absentee who has property in the state, and gives to the creditor the double remedy of a suit by attachment, or by service of citation on a curator *ad hoc*.

So, where a defendant resides in another state, and never had any agent or domicil here, and has no property or interest in this state, he may nevertheless *be sued here*, in a personal or redhibitory action by the appointment of a curator *ad hoc* to defend him.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, be annulled, avoided and reversed, the plea to the jurisdiction overruled, and the cause remanded for further proceedings, according to law; the defendant and appellee paying the costs of the appeal.